Marc A. Rapaport
RAPAPORT LAW FIRM, PLLC
80 Eighth Avenue, Suite 206
New York, New York 10011
(212) 382-1600
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANKLIN LOPEZ DIAZ,                    Case No. 23-cv-00107

                                            **COMPLAINT**

               Plaintiff,

               v.

CITY TRANSPORT MGMT. INC., TDS CAB CORP.,
SCOOTER CAB CORP., GEORGE STATHAROS, and
DOROTHY STATHAROS,

               Defendants.
------------------------------------------------------------------------X

Plaintiff FRANKLIN LOPEZ DIAZ ("Diaz" or "Plaintiff"), by his attorneys, RAPAPORT LAW FIRM, PLLC, complaining of Defendants, CITY TRANSPORT MGMT. INC. ("City Transport"), TDS CAB CORP. ("TDS"), SCOOTER CAB CORP. ("Scooter Cab"), GEORGE STATHAROS, and DOROTHY STATHAROS (collectively, "Defendants"), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to seek unpaid overtime wages for which he did not receive premium overtime pay as required by the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiff further complains that under New York law, he is entitled to (i) compensation for wages paid at less than the applicable statutory New York minimum wage rate; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime

premium pay as required by New York Labor Law (NYLL) § 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) spread-of-hours pay for workdays when the interval between the beginning and end of Plaintiff's workday exceeded ten hours; (iv) liquidated damages for wages that were not paid in a timely manner; (v) statutory penalties for Defendants' failure to provide wage notices required by NYLL § 195(1); and (vi) statutory penalties for Defendants' failure to provide accurate and complete wage statements required by NYLL, Article 6, §§195(3).

3. At all relevant times, Defendants operated (and they continue to operate) as a unified and centrally-controlled taxicab enterprise under the control of the individual defendants, George and Dorothy Statharos.

4. At all relevant times, George and Dorothy Statharos jointly managed, owned and controlled the day-to-day operations of their taxicab business.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction to consider Plaintiff's claims arising under New York state law, the Second through Sixth Causes of Action, pursuant to 28 U.S.C. §1367, as Plaintiff's state law claims form part of the same case or controversy as Plaintiff's FLSA claims.

7. Venue is proper in this District, pursuant to 28 U.S.C. §1391. Defendants transact substantial business and have agents in this District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this District, namely in Queens County. A substantial part of the transactions at issue took place in this District, and Defendants' liability arose in this District.

8. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York (namely, in Queens County), and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rules 4(e) and 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Plaintiff:**

9. Plaintiff is an adult, natural person who resides in Queens County, New York.

10. Beginning in or about November 2018, and continuing to on or about November 22, 2022, Plaintiff was employed by Defendants as a mechanic at Defendants' taxicab business in Woodside, New York.

11. Plaintiff's duties included, *inter alia*, repairing, washing and cleaning automobiles and cleaning and maintaining Defendants' garage facility.

**Defendants:**

12. Defendants operate their taxicab business from a principal office at 54-18 Broadway, Woodside, New York 11377, where Defendants maintain a garage and office that operate seven days per week.

13. Defendants are an integrated enterprise, with common management, control, personnel policies, ownership, and intertwined operations. By way of example, Defendants Dorothy Statharos and City Transport were guarantors of loans that facilitated the operations of Defendants TDS and Scooter Cab.

14. Defendant City Transport is a New York corporation with its principal place of business at 54-18 Broadway, Woodside, New York 11377.

15. Defendant TDS is a New York corporation with its principal place of business at 54-18 Broadway, Woodside, New York 11377

16. Defendant Scooter Cab is a New York corporation with its principal place of business at 54-18 Broadway, Woodside, New York 11377.

17. Defendants City Transport, TDS, and Scooter Cab own and license medallions issued by the New York City Taxi and Limousine Commission.

18. Defendant George Statharos is an individual residing and engaging in substantial business within this District within the relevant time period.

19. Defendant Dorothy Statharos is an individual residing and engaging in substantial business within this District within the relevant time period.

20. Upon information and belief, George and Dorothy Statharos maintain a principal office for the conduct of business at 54-18 Broadway, Woodside, New York 11377, which is the location where Defendants maintain, repair, and manage their fleet of several hundred taxis.

21. Defendants George and Dorothy Statharos are the owners and/or most senior officers of City Transport, TDS and Scooter Cab, and they exercise control over the defendant corporations and exercised control over wages and payroll procedures and practices.

22. Upon information and belief, Dorothy Statharos is the President of TDS.

23. In publicly filed documents, George and Dorothy Statharos have held themselves out as the owners and operators of City Transport. In the New York State Supreme Court (Suffolk County) proceeding captioned <u>George Statharos, *et al.* v. Steven Statharos, *et al.*</u>, Index No. 600988/2020, George Statharos filed an affidavit, which was sworn to on January 15, 2020, in which he averred, "[m]y wife, Dorothy Statharos

('Dorothy'), and I operate and own a taxi business operating as City Transport Management, Inc. ('City Transport')."

24. Based on the New York State Department of State Entity Information database, Plaintiff is informed and believes that Dorothy Statharos is the Chief Executive Officer of City Transport, Scooter Cab, and TDS.

## FACTUAL ALLEGATIONS

25. As described herein, Defendants knowingly engaged in unlawful business practices by requiring Plaintiff to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation that Defendants were obligated to pay under the FLSA and NYLL; paying Plaintiff wages that were below applicable New York minimum wage rates; failing to pay spread-of-hours pay when workdays exceeded ten hours; on at least three occasions, failing to pay wages in a timely manner; and failing to provide wage notices and wage statements required by NYLL.

26. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. In performing their routine job duties, Plaintiff and other employees of Defendants were frequently called upon to handle and install auto parts, the vast majority of which had been moved in interstate commerce. Handling, and installing such items were integral to Plaintiff's duties, and were essential and pervasive aspects of Defendants' business operations.

28. Furthermore, the daily operation of Defendants' taxicab business involved taxicabs that crossed state lines to transport passengers.

29. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA and all other statutes referred to in this Complaint.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§ 2 and 651.

31. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

32. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay their employees by the same method, and share control over employees.

33. Each Defendant possessed substantial control over the policies and practices over Plaintiff's working conditions.

34. Defendants jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

35. In the alternative, Defendants constitute a single employer of Plaintiff.

36. Upon information and belief, George and Dorothy Statharos operate the corporate defendants as either alter egos of themselves and/or failed to operate the corporate defendants as legally separate entities apart from themselves. Upon information and belief, among other things, the assets and revenues of the corporate defendants are intermingled.

**Factual Allegations Relating to Wage Claims:**

37. Plaintiff began working for Defendants as an automobile mechanic in approximately November 2018. On or about November 22, 2022, Plaintiff ceased working for Defendants due to his medical condition.

38. From November 2018 through early March 2020, Plaintiff's regular work schedule was six days per week, to wit: from 7:00 a.m. to 5:00 p.m. on weekdays and every Sunday, for a total of at least sixty (60) hours per week.

39. Beginning in mid-2020 until Plaintiff ceased working for Defendants in November 2022, Plaintiff continued to work six days per week, except that he worked

Saturdays instead of Sundays. Plaintiff's regular daily schedule continued to be from 7:00 a.m. to 5:00 p.m., for a total of at least sixty (60) hours per week.

40. In addition, Plaintiff was required to work until 5:30 p.m. approximately one weekday evening per week. This occurred when a repair could not be completed by 5:00 p.m. Consequently, during most weeks, Plaintiff worked sixty and one-half (60 ½) hours.

41. In 2018 Defendants paid Plaintiff $12.00 per hour. However, Defendants only paid Plaintiff for the first forty (40) hours Plaintiff worked each week. Plaintiff was paid no compensation whatsoever for the twenty (20) hours of overtime he worked each week.

42. Commencing on or about December 29, 2018, Defendants increased Plaintiffs' hourly rate of pay to $13.50. However, Defendants continued their willful and unlawful practice of paying Plaintiff only for the first forty (40) hours he worked each week. Week-after-week, Defendants issued paystubs to Plaintiff that falsely recited, without variation, the fiction that Plaintiff worked precisely forty (40) hours, even though, as Defendants well knew, Plaintiff worked sixty (60) or more hours per week.

43. Beginning in 2020, Defendants increased Plaintiffs' hourly rate of pay to $15.00. Defendants continued their unlawful practice of paying Plaintiff only for the first forty (40) hours he worked each week, leaving Plaintiff completely uncompensated for 20 (twenty) hours of overtime he worked per week as part of his regular (Monday through Saturday, 7:00 a.m. to 5:00 p.m.) work schedule.

44. Although Defendants never paid Plaintiff for his overtime work, Defendants, on occasion, deducted pay for hours when Plaintiff was unable to work. For example, Defendants paid Plaintiff for only fifteen (15) hours of work for the pay period ending March 27, 2020.

45. Similarly, for the pay period ending May 15, 2020, Plaintiff was paid only for thirty-two (32) hours of work.

46. At all relevant times, the number of hours recited on Plaintiff's paystubs were a fiction that Defendants fabricated solely to conceal the extent and nature of their wage violations. In fact, Defendants gave Plaintiff no method to keep track of his hours, and they did not provide, or request, timesheets because they never paid Plaintiff for any of the extensive overtime hours.

47. On multiple occasions, Defendants failed to pay Plaintiff on his scheduled pay date. In or about late 2018, Defendants issued paychecks more than three weeks after Plaintiff's pay was due. Later, on at least two occasions, Defendants' paychecks to Plaintiffs were returned for insufficient funds, causing Plaintiff to be paid late.

48. Defendants failed to provide Plaintiff all of the proper and complete notices in English and in Spanish (Plaintiff's primary language) of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1) at the time of his hiring and/or for each change in Plaintiff's rate of pay.

49. Plaintiff's notice to George Statharos and Dorothy Statharos pursuant to NY CLS Bus Corp Law § 630 is annexed hereto as Exhibit A.

## AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.***

50. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

51. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Plaintiff as a taxicab mechanic, an employment position which engaged Plaintiff in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

8

52. As detailed above, in the performance of his duties for Defendants, Plaintiff worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

53. Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

54. As a result of the foregoing, Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff for the three-year period preceding the filing of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

57. Defendants, in violation of the NYLL, willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

58. Upon information and belief, in 2018, Defendants had eleven (11) or more employees, and they were therefore required to pay Plaintiff not less than $15.00 per hour. However, throughout 2019, the paystubs issued by Defendants to Plaintiff indicate that Plaintiff was paid $13.50 per hour, creating a shortfall of $1.50 per hour.

59. Plaintiff was damaged in amounts to be determined at trial.

60. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Overtime Wages

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

63. Defendants willfully failed to pay Plaintiff for *any* of the hours that he worked in excess of 40 hours in a workweek, even though Plaintiff worked from 7:00 a.m. to 5:00 p.m. six days per week.

64. Defendants willfully failed to pay Plaintiff overtime at a rate of time and one-half his effective, regular hourly rate for hours worked in excess of 40 hours per workweek.

65. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff, and they provided Plaintiff no way to accurately record and report his hours worked per day or per week.

66. As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Spread of Hours Compensation
### (12 NYCRR 142-2.18)

67. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

68. On occasions when Plaintiff's workday ended after 5:00 p.m., the interval between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

69. Defendants' failure to pay spread of hours compensation violated the New York Minimum Wage Act, Labor Law Article 19 § 650, *et seq.* ("MWA"), 12 N.Y.C.R.R. §§ 142-2.4, 142-3.4, and the supporting New York State Department of Labor regulations, specifically the MWA's provisions requiring "spread of hours" pay, which require an employer such as Defendants, to pay additional "spread of hours" compensation to employees who work shifts of greater than ten hours.

70. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

## AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements

71. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

73. Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the number of overtime hours worked.

74. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

## AS AND FOR A SIXTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**

75. Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

76. The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

77. In violation of NYLL § 191, Defendants willfully failed to furnish Plaintiff, at the time of hiring, and when there were changes to his rate of pay, wage notices in Plaintiff's primary language (Spanish) required by NYLL § 191.

78. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to NYLL § 198(1-b).

## RELIEF SOUGHT

**WHEREFORE,** Plaintiff, Franklin Lopez Diaz, respectfully requests that the Court grant the following relief:

1. Declaring, adjudging and decreeing that Defendants violated the overtime provisions of the FLSA;

2. Declaring, adjudging and decreeing that Defendants violated the minimum wage and overtime provisions of the NYLL;

3. Awarding Plaintiff damages and restitution for unpaid compensation, unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages;

4. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

5. Liquidated damages for Defendants' New York Labor Law violations;

6. Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars, as provided for by NYLL § 198;

7. Awarding statutory damages for Defendants' violation of NYLL § 191 by failing to furnish Plaintiff, at the time of hiring or whenever there was a change to his rate of pay, with wage notices required by NYLL § 191;

8. Declaring that Defendants' violations of the NYLL were willful;

9. Enjoining Defendants from engaging in future wage violations;

10. For all other Orders, findings and determinations identified and sought in this Complaint;

11. For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

12. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

13. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated:  New York, New York
        January 6, 2023

                                                 **RAPAPORT LAW FIRM, PLLC**

                                          /s/
                          By: _____
                                Marc A. Rapaport
                                *Attorneys for Plaintiff*
                                Rapaport Law Firm, PLLC
                                80 Eighth Avenue, Suite 206
                                New York, New York 10011
                                Ph: (212) 382-1600
                                mrapaport@rapaportlaw.com