```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  FRANKLIN LOPEZ DIAZ,                             :
                                                   :
                                                   :   MEMORANDUM DECISION AND
                                  Plaintiff,       :   ORDER
                                                   :
                - against -                        :   23-cv-00107 (BMC)
                                                   :
                                                   :
                                                   :
  CITY TRANSPORT MGMT. INC., TDS                   :
  CAB CORP., SCOOTER CAB CORP.,                    :
  GEORGE STATHAROS, AND DOROTHY                    :
  STATHAROS,                                       :
                                                   :
                                                   :
                                  Defendants.      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

The Court has *sua sponte* raised the issue of whether plaintiff has Article III standing to pursue claims for statutory damages under New York Labor Law §§ 195, 198. The Court has previously ruled on this issue in a number of other cases, see e.g., Deng v. Frequency Electronics, Inc., No. 21-cv-6081, 2022 WL 16923999, at *8-10 (E.D.N.Y. Nov. 14, 2022), but there is a split among district court decisions in the Second Circuit, compare Mateer v. Peloton Interactive, Inc., No. 22-cv-740, 2022 WL 2751871, at *2 (S.D.N.Y. July 14, 2022), and the Court wanted to provide plaintiff with a full opportunity to brief the issue so the Court could rule on it *de novo*.

Having reviewed plaintiff's submission, the Court finds that plaintiff lacks standing to pursue these statutory damages claims because he has not sustained a concrete, non-speculative injury-in-fact *as a result of* the alleged violation of the statutes. See Summers v. Earth Island Inst., 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing.").

Plaintiff has fallen into the usual trap of conflating the damages he has sustained from defendants' alleged failure to pay overtime with a theory that those damages were caused, at least in part, by the failure to provide accurate wage statements and notices. I disagree. Plaintiff is entitled to be paid overtime pursuant to separate statutes, and that entitlement would be the same regardless of whether his employer provided accurate notices, inaccurate notices, or no notices at all. There is simply no injury sustained by reason of the failure to provide accurate notices.

To try to create some space between the failure to pay overtime and the failure to provide accurate notices, plaintiff argues that the failure to provide accurate notices was "a crucial component of defendants' scheme by which they unlawfully deprived plaintiff of hundreds of thousands of dollars in wages." Plaintiff's theory is that the understatement of time in the wage statements will show willfulness, and that plaintiff needs these statutory violations to enhance his chance of recovering liquidated damages. Similarly, plaintiff argues that these statements will show that defendants knew they were deliberately underpaying him and thus their conduct was willful.

This argument is illogical. Standing has nothing to do with the evidentiary issue of whether plaintiff can use the wage statements at trial to prove willfulness. If this case goes to trial, plaintiff will be able to introduce the allegedly inaccurate wage statements to support his argument of willfulness if that is what he wants to do. Presumably, plaintiff will testify that he worked overtime. His lawyer will then take him through some or all of the wage statements and confirm that they do not show any overtime. Plaintiff can then argue to the jury that the false wage statements, together with whatever other evidence of willfulness there is, is sufficient to show that defendants were acting willfully. Indeed, if the right foundation is laid at trial, the

Court may well instruct the jury as to the requirements of §§ 195 and 198, and that the jury may consider failure to comply with these notice requirements in determining willfulness.

That trial scenario stands wholly apart from any injury-in-fact sustained by reason of any violation of these statutes. That is because there is none. Sections 195 and 198 do not provide for an enhanced recovery for willfulness, and indeed, they do not provide compensation for any injury at all. The statutory damage awards are designed by the New York Legislature to encourage employers to provide wage statements and to incentivize plaintiffs to pursue claims against an employer for failing to provide wage statements. If plaintiff wishes to avail himself of this incentive, he may choose to pursue the statutory remedy of §§ 195 and 198 in state court. But he has elected to proceed here, and Article III requires an actual and concrete injury.

Plaintiff's claims under NYLL §§ 195 and 198 are dismissed for lack of standing.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       March 20, 2023